IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      **Plaintiff,**<br><br>      vs.<br><br>**DENNIS EUGENE SMITH,**<br><br>                      **Defendant.** | 8:22CR117<br><br>ORDER |

       This matter comes before the Court on the Motion to Sever the Counts in the Indictment and Request for Evidentiary Hearing ([Filing No. 42](#)) filed by Defendant, Dennis Eugene Smith. Defendant filed a brief in support of the motion ([Filing No. 43](#)). The government filed a brief opposing Defendant's motion. ([Filing No. 46](#)). The Court held oral argument on the motion on August 24, 2023. (Filing No. 54). The matter is now fully submitted to the Court. For the following reasons, the Court will deny the motion.

## BACKGROUND

       The following facts are outlined in the parties' briefs ([Filing No. 43](#); [Filing No. 46](#)) and are set forth below solely for purposes of the motion to sever. The investigation leading to the instant charges against Defendant began on July 19, 2021, after Minor Victim 1 disclosed to her guardian that she was sexually assaulted by Defendant, a male in his 30s, in the late evening on July 17 and the early morning of July 18. In a forensic interview, Minor Victim 1 disclosed she had been drinking alcohol with Minor Victim 2 (less than 14 years of age) and Minor Witness. When they began to run out of alcohol, Minor Victim 2 suggested they contact Defendant to bring them more. Defendant met with the minors and arranged with Minor Victim 1 to have sex in his car in exchange for $250 in cash. Minor Victim 1 reported she had known Defendant for several months and stated he owns the "50 Shades of Green" stores.

       Minor Victim 2 also participated in a forensic interview and reported that Defendant provided Minor Victims 1 and 2 with alcohol at a hotel, and that Defendant sexually assaulted Minor Female 1 when she was drunk. Minor Victim 2 also reported that Defendant sent Snapchat messages to Minor Female 1 "begging" Minor Female 1 to have sex with him again on July 18, 2021. Minor Victim 2 reported Defendant would provide alcohol or money for sex or "nudes,"

and would also provide nicotine and weed. Minor Victim 2 indicated she knew Defendant through previous associations, and was friends with him on Facebook but had blocked him on Snapchat.

In a second interview, Minor Victim 2 reported that a couple weeks prior to the incident at the hotel, she had gone with Defendant to get vapes, when Defendant sexually assaulted her in his car near a 50 Shades of Green store at approximately 10:00 p.m. Minor Victim 2 also reported that Defendant messaged her on Facebook, offering her money, vapes, alcohol, nicotine, weed, and edibles, and that Defendant would request sex or "nudes" in return.

Officers investigating Minor Female 1 and Minor Female 2's reports noted similarities to a child abuse hotline intake report they had recently received about a "rich guy" who owned 50 Shades of Green offering minor females "quick cash" in exchange for "sugar." In that investigation, Minor Victim 3 (less than 14 years of age) reported she met Defendant through Minor Victim 5 (less than 14 years of age), who called Defendant her "sugar daddy." Minor Victim 3 disclosed that around July 4, 2021, Defendant sexually assaulted her in his car in a church parking lot and paid her $400 in cash. Minor Victim 3 reported that Defendant previously gave her cash, alcohol, and edibles. Minor Victim 3 also reported that Minor Victim 4 interacted with Defendant.

Minor Victim 4 disclosed to officers that she met Defendant through Minor Victim 5. A day or two later, Defendant drove Minor Victim 4 and Minor Victim 5 to the mall. Minor Victim 5 provided Minor Victim 4's Snapchat information to Defendant. Minor Victim 4 reported Defendant offered to pay her for sex, and although she initially declined, she later agreed. Minor Victim 4 stated Defendant picked her up at a church parking lot, had sex with her in his car, and he paid her $300 in cash. Minor Victim 4 further reported that two weeks later, Defendant took her and her friends to Fun Plex and gave her $80 to get her nails done; on another occasion Defendant brought her food and $50 and offered her money in exchange for oral sex or photos or videos of herself. Defendant also provided edibles to Minor Victim 5 to give to Minor Victim 4. A search of Minor Victim 4's phone recovered evidence indicating she met Defendant and exchanged sex for money on June 11 and June 13, 2021.

Minor Victim 5 disclosed to officers that she met Defendant, whom she knew as "Joe Dee," when he drove up to her asking her if she wanted a ride as she was walking down the street. Minor Victim 5 accepted and once inside the vehicle, Defendant asked if she wanted to "kick it," which she interpreted as him asking if she wanted to have sex. Defendant and Minor Victim 5 then

engaged in sex, after which Defendant paid her $300 and dropped her off at a church parking lot. Minor Victim 5 reported that on or about July 17, 2021, Defendant had picked her up at the church parking lot, engaged in sex, and paid her $150; Defendant told her the amount was less than the first time because he had recently given Minor Victim 4 and Minor Victim 5 $200 to go shopping. During the interview with Minor Victim 5, the interviewing officer observed a conversation between "Joe Dee" and Minor Victim 5, in which he said he wanted to "smash" her friend, Minor Victim 4.

On May 17, 2022, a grand jury returned an Indictment charging Defendant with nine counts of sexual crimes involving the five minor victims. (Filing No. 1). Count I charges Defendant with, on or about July 17 to July 19, 2021, knowingly recruiting, enticing, harboring, transporting, providing, obtaining, maintaining, patronizing, and soliciting Minor Victim 1, having had a reasonable opportunity to observe the minor victim and knowing and in reckless disregard that the minor victim was under the age of 18, and knowing and in reckless disregard that minor victim would be caused to engage in a commercial sex act, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1). Defendant is charged with violating the same statutory provisions in Counts III, IV, and V between June 10 and July 19, 2021, as to Minor Victims 3 through 5. Count II charges Defendant with, on or about March 3 through July 19, 2021, knowingly attempting to commit the same crime with Minor Victim 2, in violation of 18 U.S.C. §§ 1594(a) and 1591(b)(1).

Counts VI and VII charge Defendant with using a facility and means of interstate commerce to knowingly attempt to persuade, induce, and entice Minor Victim 2 and Minor Victim 4 respectively, individuals who had not attained the age of 18 years, to engage in prostitution, in violation of 18 U.S.C. § 2422(b). Count VIII charges Defendant with knowingly attempting to use, persuade, induce, entice, and coerce Minor Victim 2 to engage in sexually explicit conduct for purposes of producing a visual depiction of such conduct, in violation of 18 U.S.C. §§ 2251(a) and (e). Count IX charges Defendant with knowingly transporting Minor Victim 2, an individual who had not attained the age of 18 years, from Iowa to Nebraska with the intent that the individual engage in prostitution or any sexual activity, in violation of 18 U.S.C. § 2423(a).

Defendant has filed the instant motion to sever Counts I, II, VI, VIII, and IX from Counts III, IV, V, and VII. Defendant alleges the joinder of these counts is improper under Rule 8(a) of the Federal Rules of Criminal Procedure because Minor Victims 1 and 2 are unrelated to Minor

Victims 3, 4, and 5. Defendant also contends the joinder of all counts would unduly prejudice him and moves for severance pursuant to Rule 14(a).

## ANALYSIS

### A. Joinder of Offenses under Rule 8(a)

Rule 8(a) of the Federal Rules of Criminal Procedure permits the government to "charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8. "The rules are to be liberally construed in favor of joinder." *United States v. Goodhouse*, 81 F.4th 786 (8th Cir. 2023) (quoting *United States v. Garrett*, 648 F.3d 618, 625 (8th Cir. 2011)).

Defendant contends that Counts I, II, VI, VIII, and IX pertaining to Minor Victims 1 and 2 are improperly joined with Counts III, IV, V, and VII pertaining to Minor Victims 3, 4, and 5 under Rule 8, arguing Minor Victims 1 and 2 "have nothing to do with" Minor Victims 3, 4, and 5. Defendant reasons that the narratives of each set of victims share no common elements, thereby suggesting that the counts are not "of the same or similar character" or "connected with" each other as part of a common scheme or plan as required for joinder under Rule 8. (Filing No. 43 at p. 1). The Court disagrees.

"In applying the same or similar character standard, we have found joinder of offenses to be proper when the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." *Goodhouse*, 81 F.4th at 786 (quoting *United States v. Robaina*, 39 F.3d 858, 861 (8th Cir. 1994)). Offenses can be deemed to be part of a common plan or scheme when they are related temporally and logically. See *United States v. Johnson*, 462 F.3d 815, 822 (8th Cir. 2006). The time factor is determined on a case-by-case basis and "there is no per se rule on when the time period between similar offenses is so great that they may not be joined." *United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984). Evidence overlaps for purposes of Rule 8 when evidence surrounding one offense would be probative and admissible at the defendant's separate trial for the other offense. *Id.* at 630.

Here, all the counts against Defendant involve the same type of offenses, namely, enticement, solicitation, trafficking, and sexual assault involving very young minor females. Although five separate minor female victims are involved, Defendant allegedly used similar

4

methods for all victims, including offering cash, nicotine, alcohol, and/or drugs to the victims in exchange for sexual acts or sexual pictures; committed the sexual assaults in his vehicle; and utilized Facebook or Snapchat to contact the victims. All charges stem from events occurring over a timespan of only a few months, between March 3 and July 19, 2021, with the alleged sexual encounters with all five minor victims taking place between June and July 2021. See, e.g., *United States v. Tyndall*, 263 F.3d 848, 850 (8th Cir. 2001) (determining two sexual assaults taking place a year apart occurred over a "relatively" short period of time and were properly joined); *United States v. Hastings*, 577 F.2d 38, 40 (8th Cir. 1978) (concluding joinder of counterfeit federal reserve notes offenses over two-year period was proper); *United States v. Roger*, 732 F.2d 625, 629 (8th Cir. 1984) (determining twenty-month time period between the narcotics was proper). Moreover, evidence for each set of counts overlaps because evidence surrounding each offense would be probative and admissible at Defendant's separate trial for the other offenses. See *Rodgers*, 732 F.2d at 629.

Even if the counts were severed, the evidence from each set of counts would likely be admissible in trial for the others under Federal Rules of Evidence 413 and 414. See Fed. R. Evid. 413(a) ("In a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant."); Fed. R. Evid. 414(a) ("In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant."); *United States v. Keys*, 918 F.3d 982, 986 (8th Cir. 2019) ("A prior sexual assault is relevant to a charged offense if it is committed in a manner similar to the charged offense." (citation omitted)); see also Fed. R. Evid. 404(b) ("Evidence of any other crime, wrong, or act" may be admissible for "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."). Because the events involving each of the victims are of the same or similar character, have a logical relationship with overlapping evidence, and occurred over a relatively short period of time, the Court finds all counts are properly joined. See, e.g., *Goodhouse*, 81 F.4th at 786 (finding two counts of aggravated sexual abuse of a child against two separate minor victims were properly joined even though the alleged sexual abuses involved different methods of penetration, victims of different ages, and different occurrences, because both counts involved sexually abusing minor children in the same location sometime in 2017 or 2018

5

and implicated the same evidence, specifically, the defendant's prior conviction for abusive sexual contact of a person incapable of consent, the testimonies of the minor victims, and the forensic examiner).

### B. Prejudice under Rule 14

Once it is determined that joinder is appropriate under Rule 8, Rule 14 specifies that the district court may nevertheless order separate trials if a joint trial would "prejudice a defendant or the government." Fed. R. Crim. P. 14. Defendant argues that, even if the counts are properly joined under Rule 8, they should nevertheless be severed to avoid undue prejudice pursuant to Rule 14. Defendant asserts the government's evidence is stronger on some counts than others, and argues the government should not be allowed to "bootstrap" the counts with weaker evidence onto the counts with stronger evidence to obtain convictions on counts where the government might not otherwise be able to obtain a conviction. Defendant also expresses concern that the cumulative nature of joinder of counts involving five separate victims may increase the credibility of each victim's account in the eyes of the jury. (Filing No. 43 at pp. 1-2).

However, "[o]nly in an unusual case will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder." *United States v. Al-Esawi*, 560 F.3d 888, 891 (8th Cir. 2009). "[S]eparate trials are required only where prejudice caused by a joint trial is severe or compelling." *United States v. Kirk*, 528 F.3d 1102, 107-08 (8th Cir. 2008). A defendant is prejudiced when "deprived of an appreciable chance for an acquittal, a chance that the defendant would have had in a severed trial." *Goodhouse*, 81 F.4th at 786 (citing *Garrett*, 648 F.3d at 625-26). "No prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other," and "there is a strong presumption against severing properly joined counts." *United States v. Mink*, 9 F.4th 590, 604 (8th Cir. 2021), cert. denied, 142 S. Ct. 1166 (2022) (quoting *United States v. McCarther*, 596 F.3d 438, 442 (8th Cir. 2010)). The defendant bears the burden of establishing severe or compelling prejudice. See *Goodhouse*, 81 F.4th at 786 (citing *Garrett*, 648 F.3d at 626). "Only in an unusual case . . . will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder." *United States v. Huggans*, 650 F.3d 1210, 1221 (8th Cir. 2011) (quoting *Kirk*, 528 F.3d at 1107).

6

The Court acknowledges that there is the inherent potential of some prejudice in joinder of all counts in one trial due to the nature of the sexual assault charges against several minor victims. Nevertheless, the Court finds Defendant has not met his burden to overcome the strong presumption against severance because evidence of each charge would be admissible against him in a separate trial for the other charges. See *Goodhouse*, 81 F.4th at 786 (rejecting the defendant's argument that he was prejudiced by the district court's failure to sever two counts of aggravated sexual abuse of a child involving two separate victims because a defendant does not suffer any undue prejudice by a joint trial if the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime); see also *Tyndall*, 263 F.3d at 850-51 (affirming denial of motion to sever two attempted aggravated sexual abuse charges because "the evidence of the later incident was admissible in the trial involving the earlier one").  As discussed above, evidence regarding Minor Victims 1 and 2 would likely be admissible in the trial for Minor Victims 3, 4, and 5 under Federal Rules of Evidence 413 and 414, and potentially under 404(b).  And, any prejudice that Defendant may suffer due to the joinder of the counts contained in the Indictment may be mitigated with appropriately tailored jury instructions. See *United States v. Mann*, 685 F.3d 714, 718 (8th Cir. 2012) ("The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions.").  Therefore, at this time, the Court finds Defendant has failed to meet his burden to overcome the "strong presumption against severing properly joined counts."

Because all nine counts of the Indictment are properly joined under Rule 8, and Defendant has not met his burden to establish "sever or compelling prejudice" warranting severance under Rule 14, the Court will deny Defendant's motion to sever.  Upon consideration,

**IT IS ORDERED** that Defendant's Motion to Sever the Counts in the Indictment and Request for Evidentiary Hearing (Filing No. 42) is denied.

Dated this 12th day of October, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge