IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS EUGENE SMITH,<br><br>Defendant. | 8:22-CR-117<br><br>MEMORANDUM AND ORDER DENYING DEFENDANT'S "NOTICE OF APPEAL" (FILING NO. 68) |

On May 17, 2022, the Grand Jury returned a nine-count indictment against defendant Dennis Eugene Smith. Filing 1 at 1–4. These charges include allegations of violations of 18 U.S.C. § 1591(a), sex trafficking of a child under 14 years of age, involving five different minor victims. *See* Filing 1 at 1–4. Defendant filed a Motion to Sever some of these Counts along with a supporting brief on July 31, 2023. Filing 42; Filing 43. The Government submitted a written response opposing Defendant's Motion that same day. Filing 46. On October 12, 2023, Magistrate Judge Michael D. Nelson issued a written Order denying Defendant's Motion to Sever. Filing 66. Defendant then submitted a written filing captioned "Notice of Appeal" with this Court on October 26, 2023—exactly 14 days after Judge Nelson issued his written Order denying severance. Filing 68. In this "Notice of Appeal," Defendant says that he "appeals the Court's ORDER ON MOTION TO SEVER filed at Document #66" and advises that "[a] Brief in Support of this appeal will be filed once Defense counsel has had the opportunity to review the record and transcript of the proceedings." Filing 68 at 1. At no point in this submission did Defendant explain or articulate the grounds on which he is appealing Judge Nelson's Order. *See generally* Filing 68.

Rule 59(a) of the Federal Rules of Criminal Procedures addresses "Nondipositive Matters" before a magistrate judge. *See generally* Fed. R. Crim. P. 59(a). It states as follows:

1

> A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense. The magistrate judge must promptly conduct the required proceedings and, when appropriate, enter on the record an oral or written order stating the determination. A party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets. The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous. Failure to object in accordance with this rule waives a party's right to review.

Fed. R. Crim. P. 59(a).

This Court's local rules further clarify what is required when a party objects to a magistrate judge's order. Specifically,

> A party may object to a magistrate judge's order in a nondispositive matter or findings and recommendations in a dispositive matter by filing a "Statement of Objections to Magistrate Judge's Order" or "Statement of Objections to Magistrate Judge's Findings and Recommendations" within 14 days after being served with the order or findings and recommendations, unless the order or recommendation states a different time. The party must specify (1) the parts of the order or findings and recommendations to which the party objects and (2) the legal basis of the objections. The statement of objections should also indicate whether the party relies on a previously or newly filed brief. A party may not merely reference or refile the original brief submitted to the magistrate judge. A party's failure to state a legal argument supporting objections to an order may be considered an abandonment of the party's objections. Unless ordered otherwise, an opposing party may file an opposing brief within 14 days of being served with the statement of objections. This brief may refer to previously filed briefs. The objecting party may not file a reply brief without the court's leave.

NECrimR. 59.2.

Defendant's "Notice of Appeal" filed on October 26, 2023, fails to comply with this Court's local rules. In particular, it does not "specify (1) the parts of the order or findings and recommendations to which the party objections and (2) the legal basis of the objections." NECrimR. 59.2. This Court's local rules clearly state, "A party's failure to state a legal argument supporting objections to an order may be considered an abandonment of the party's objections." NECrimR. 59.2. Because Defendant's "Notice of Appeal" fundamentally fails to comply with

2

what is required and because he did not seek an extension of time to file a proper Statement of Objections at any point within 14 days after Judge Nelson issued his Order on the matter, the Court deems Defendant to have abandoned his objections. *See* NECrimR. 59.2. Moreover, because the 14-day timeline for filing a Statement of Objections has now passed, the Court will not entertain any belated attempt to submit a proper Statement of Objections. *See* Fed. R. Crim. P. 59(a) ("The district judge must consider *timely* objections and modify or set aside any part of the order that is contrary to law or clearly erroneous. Failure to object in accordance with this rule waives a party's right to review") (emphasis added). Accordingly,

IT IS ORDERED: The Defendant's "Notice of Appeal," Filing 68, is denied and Magistrate Judge Michael D. Nelson's Order denying Defendant's Motion to Sever, Filing 66, remains in effect.

Dated this 27th day of October, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge