IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DENNIS EUGENE SMITH, <br><br> Defendant. | 8:22-CR-117 <br><br> MEMORANDUM AND ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION (**FILING 71**) |

This matter is before the Court on the Defendant's Motion to Suppress Evidence. Filing 40. United States Magistrate Judge Nelson considered this Motion and issued a written Findings and Recommendation. Filing 71. Judge Nelson recommends that the Motion be denied. Filing 71 at 20. Defendant did not object to Judge Nelson's Findings and Recommendation and the time for doing so has since expired. *See* Filing 71 at 20. Having considered the matter, the Court adopts Judge Nelson's Findings and Recommendation, Filing 71, and denies Defendant's Motion to Suppress, Filing 40.

### I. BACKGROUND

On May 17, 2022, the Grand Jury returned a nine-count indictment against defendant Dennis Eugene Smith. Filing 1 at 1–4. These charges include allegations of violations of 18 U.S.C. § 1591(a), sex trafficking of a child under 14 years of age, involving five different minor victims. *See* Filing 1 at 1–4. Defendant subsequently filed a Motion to Suppress evidence obtained as the result of four search warrants that were executed. Filing 40 at 1. Defendant argues in this Motion that "[a]ll 4 of the search warrants lacked probable cause in their own different ways[.]" Filing 40 at 1. Defendant also filed a brief in support of this Motion, and the Government filed a response in kind. Filing 41; Filing 45. United States Magistrate Judge Nelson considered the matter and

1

issued his Findings and Recommendation on November 16, 2023. Filing 71. Judge Nelson recommends that Defendant's Motion to Suppress be denied. Filing 71.

Judge Nelson concluded his Findings and Recommendation by admonishing that pursuant to this Court's local rules, "any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen days after being served with a copy of this Findings and Recommendation." Filing 71 at 20. Judge Nelson further admonished that, "Failure to timely object may constitute a waiver of any such objection." Filing 71 at 20. Accordingly, to the extent Defendant wanted to object to this Findings and Recommendation, he had until November 30, 2023, to do so. *See* Fed. R. Crim. P. 59(b)(2); NECrimR. 59.2. As of December 5, 2023, Defendant has not filed any objection to this Findings and Recommendation.[1]

## II. APPLICABLE STANDARDS

Rule 59(b)(1) of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[a] district judge may refer to a magistrate judge for recommendation a defendant's motion to dismiss or quash an indictment or information, a motion to suppress evidence, or any matter that may dispose of a charge or defense." Fed. R. Crim. P. 59(b)(1). Rule 59(b)(2) then goes on to state,

> Within 14 days after being served with a copy of the recommended disposition, or at some other time the court sets, a party may serve and file specific written objections to the proposed findings and recommendations. Unless the district judge directs otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient. Failure to object in accordance with this rule waives a party's right to review.

Fed. R. Crim. P. 59(b)(2).

---

[1] The Court notes that Defendant did file an objection—albeit a deficient one—to a different Findings and Recommendation Judge Nelson also issued in this case on November 16, 2023. *See* Filing 72; Filing 73. The Court has addressed this objection to the other Findings and Recommendation in a separate Order.

Rule 59(b)(3) further provides that, "The district judge must consider de novo any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3). This Court's local rules also set forth requirements that must be followed when filing such objections. *See* NECrimR. 59.2. Specifically,

> A party may object to a magistrate judge's order in a nondispositive matter or findings and recommendations in a dispositive matter by filing a "Statement of Objections to Magistrate Judge's Order" or "Statement of Objections to Magistrate Judge's Findings and Recommendations" within 14 days after being served with the order or findings and recommendations, unless the order or recommendation states a different time. The party must specify (1) the parts of the order or findings and recommendations to which the party objects and (2) the legal basis of the objections. The statement of objections should also indicate whether the party relies on a previously or newly filed brief. A party may not merely reference or refile the original brief submitted to the magistrate judge. A party's failure to state a legal argument supporting objections to an order may be considered an abandonment of the party's objections. Unless ordered otherwise, an opposing party may file an opposing brief within 14 days of being served with the statement of objections. This brief may refer to previously filed briefs. The objecting party may not file a reply brief without the court's leave.

NECrimR. 59.2(a).

### III.  DISCUSSION

Because Defendant has not objected to Judge Nelson's Findings and Recommendation in accordance with either Fed. R. Crim. P. 59(b) or NECrim R. 59.2, he has waived his right to review. *Cf. United States v. Merrett*, 9 F.4th 713, 716 (8th Cir. 2021) (noting that the defendant "did not object to the magistrate judge's order denying his motion, and his failure to object waives his right to review under Federal Rule of Criminal Procedure 59(a)"), *cert. denied*, 142 S. Ct. 815 (2022).[2]

---

[2] The Court recognizes that in *Merrett*, the Eighth Circuit was discussing the waiver provision that applied under Rule 59(a), rather than Rule 59(b). *See Merrett*, 9 F.4th at 716. Rule 59(a) governs non-dispositive motions whereas Rule 59(b) governs dispositive motions. *Compare* Fed. R. Crim. P. 59(a) *with* Fed. R. Crim. P. 59(b). However, both subparagraphs include the same exact waiver provision. Rule 59(a) states, "Failure to object in accordance with this rule waives a party's right to review." Fed. R. Crim. P. 59(a). Rule 59(b)(2) likewise states,

Nevertheless, the Court will still review the matter for clear error. *See Grinder v. Gammon,* 73 F.3d 793, 795 (8th Cir. 1996) (explaining that in situations where no objections are filed and the filing period has expired, a district court judge "would only have to review the findings of the magistrate judge for clear error"). The Eighth Circuit has said "that the failure to file objections eliminates not only the need for de novo review, but *any* review by the district court." *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619–20 (8th Cir. 2009) (emphasis in original); *see also United States v. Brinton*, No. 4:22-CR-3013, 2022 WL 17852663, at *1 (D. Neb. Dec. 22, 2022) (citing *Leonard* for the proposition that "the failure to file an objections eliminates not only the need for de novo review, but any review by the Court"). However, the Court finds it appropriate to review the record in this case before deciding whether to adopt the Findings and Recommendation, particularly given that Rule 59's waiver provisions are nonjurisdictional in nature and a defendant's waiver may be excused as warranted in the interests of justice. *See Merrett*, 9 F.4th at 716; *see also United States v. Street*, 917 F.3d 586, 598 (7th Cir. 2019) ("although the district judge *must* make an independent determination of a magistrate judge's order upon objection, he is not *precluded* from reviewing a magistrate judge's order to which a party did not object") (quoting *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760 (7th Cir. 2009)).

The Court has reviewed the relevant portions of the record, including Defendant's Motion, Filing 40, Defendant's Brief in support of his Motion, Filing 41, the Government's Response to Defendant's Motion, Filing 45, the Exhibits offered in relation to this Motion, Filing 48, and Judge Nelson's Findings and Recommendation, Filing 71. The Court's review of the record leads it to

---

"Failure to object in accordance with this rule waives a party's right to review." Fed. R. Crim. P. 59(b)(2). *See United States v. Edwards*, 34 F.4th 570, 585 (7th Cir. 2022) (noting that under Rule 59(b)(2), "Failure to object 'waives a party's right to review.'") (citation omitted); *United States v. Goebel*, 959 F.3d 1259, 1265 (10th Cir. 2020) ("Rule 59(b)(2) of the Federal Rules of Criminal Procedure provides that the failure to object to a magistrate judge's report and recommendation 'waives a party's right to review.'") (citation omitted).

conclude that no portion of Judge Nelson's Findings and Recommendation is the product of clear error. Even if the Court were to apply a *de novo* standard of review, it would reach the same conclusion. The Court therefore adopts the Findings and Recommendation in full. Accordingly,

IT IS ORDERED:

1. Judge Nelson's Findings and Recommendation, Filing 71 is adopted; and
2. Defendant's Motion to Suppress, Filing 40, is denied.

Dated this 5th day of December, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge