IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS EUGENE SMITH,<br><br>Defendant. | 8:22-CR-117<br><br>**MEMORANDUM AND ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION** (**FILING 72**) |

This matter is before the Court on Defendant's "Statement of Objections to Magistrate Judge's Findings and Recommendations." Filing 73. Having considered the matter, the Court overrules Defendant's Statement of Objections for the reasons set forth in this Order, adopts United States Magistrate Judge Michael D. Nelson's Findings and Recommendation, Filing 72, and denies Defendant's Motion to Suppress, Filing 55.

### I.   BACKGROUND

On May 17, 2022, the Grand Jury returned a nine-count indictment against defendant Dennis Eugene Smith. Filing 1 at 1–4. These charges include allegations of violations of 18 U.S.C. § 1591(a), sex trafficking of a child under 14 years of age, involving five different minor victims. *See* Filing 1 at 1–4. Defendant subsequently filed a Motion to Suppress Statements he made to law enforcement on July 22, 2021, at the Pottawattamie County Jail. Filing 55 at 1. The Defendant also requested an evidentiary hearing on this Motion, and a hearing was held by United States Magistrate Judge Michael D. Nelson on October 11, 2023. Filing 67 at 1–2. The transcript of the hearing was then filed on October 17, 2023. Filing 67.

On November 16, 2023, a little over a month after the hearing was held, Judge Nelson submitted his Findings and Recommendation regarding the Defendant's Motion to Suppress

1

Statements. Filing 72 at 1, 6. Judge Nelson recommends that this Motion be denied. Filing 72 at 6. He concluded his Findings and Recommendation with the following admonition:

> Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Filing 72 at 6.

Based upon the 14-day deadline, Defendant had until November 30, 2023, to file an appropriate objection to this Findings and Recommendation. *See* Fed R. Crim. P. 59(a); NECrimR 59.2. On November 29, 2023, Defendant submitted a filing captioned "Statement of Objections to Magistrate Judge's Findings and Recommendations." Filing 73. This filing totaled less than one page in substance and was not accompanied with a supporting brief. *See* Filing 73. It states as follows:

> COMES NOW the Defendant, DENNIS SMITH, by and through his attorneys . . . and notifies this Court of his objections to filing No. 72, the FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS, which was filing No. 55. The Defendant specifically states that he objects to the Court's finding in filing No. 72 that the "Defendant did not make an unambiguous, unequivocal request for counsel to assist in his interrogation". The Defendant contends that he did make such a request and, therefore, the interrogation should have ended. A brief in support of this appeal will be filed once defense counsel has had the opportunity to review the record and transcript of the proceedings.
>
> WHEREFORE, the undersigned prays for an Order from this Court reversing the Court's FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS (Filing No. 72) in the above captioned matter, and for any further relief the Court deems just and equitable.

Filing 73 at 1.

The Government submitted its response to Defendant's Objections on November 30, 2023. Filing 74. The Government notes, "Defendant does not object to the Magistrate Judge's factual

findings, but objects to the Magistrate Judge's conclusion that Defendant did not make an unambiguous, unequivocal request for counsel to assist at the interrogation. Filing 74 at 1 (citing Filing 73). The Government further notes that it "does not object to the Magistrate Judge's factual findings" and insists that his "recommended decision should be adopted[.]" Filing 74 at 1. As of December 5, 2023, Defendant has not filed a brief or any additional matters in relation to his objection to the Findings and Recommendation. This matter is now ripe for adjudication.[1]

## II. APPLICABLE STANDARDS

Rule 59(b)(1) of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[a] district judge may refer to a magistrate judge for recommendation a defendant's motion to dismiss or quash an indictment or information, a motion to suppress evidence, or any matter that may dispose of a charge or defense." Fed. R. Crim. P. 59(b)(1). Rule 59(b)(2) then goes on to state,

> Within 14 days after being served with a copy of the recommended disposition, or at some other time the court sets, a party may serve and file specific written objections to the proposed findings and recommendations. Unless the district judge directs otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient. Failure to object in accordance with this rule waives a party's right to review.

Fed. R. Crim. P. 59(b)(2).

Rule 59(b)(3) further provides that, "The district judge must consider de novo any objection to the magistrate judge's recommendation. The district judge may accept, reject, or

---

[1] Defendant also raised the separate issue of whether he knowingly and intelligently waived his *Miranda* rights in his Motion and Brief before Judge Nelson. *See* Filing 56; Filing 56. Defendant makes no mention of this issue in his Statement of Objections and instead only objects to Judge Nelson's conclusion that "Defendant did not make an unambiguous, unequivocal request for counsel to assist in his interrogation." Filing 73 at 1. Accordingly, Defendant has waived consideration of whether the waiver of his *Miranda* rights was knowing and voluntary. *See* Fed. R. Crim. P. 52(b)(2). Notwithstanding his waiver, the Court notes that Judge Nelson fully considered this issue in his Findings and Recommendation and correctly concluded that Defendant's argument lacked merit. *See* Filing 72 at 3–5. The Court agrees with Judge Nelson's analysis and conclusion in this respect. *See United States v. Street*, 917 F.3d 586, 598 (7th Cir. 2019) ("although the district judge *must* make an independent determination of a magistrate judge's order upon objection, he is not *precluded* from reviewing a magistrate judge's order to which a party did not object" (quoting *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760 (7th Cir. 2009)).

modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3). This Court's local rules also set forth requirements that must be followed when filing such objections. *See* NECrimR. 59.2. Specifically,

> A party may object to a magistrate judge's order in a nondispositive matter or findings and recommendations in a dispositive matter by filing a "Statement of Objections to Magistrate Judge's Order" or "Statement of Objections to Magistrate Judge's Findings and Recommendations" within 14 days after being served with the order or findings and recommendations, unless the order or recommendation states a different time. The party must specify (1) the parts of the order or findings and recommendations to which the party objects and (2) the legal basis of the objections. The statement of objections should also indicate whether the party relies on a previously or newly filed brief. A party may not merely reference or refile the original brief submitted to the magistrate judge. A party's failure to state a legal argument supporting objections to an order may be considered an abandonment of the party's objections. Unless ordered otherwise, an opposing party may file an opposing brief within 14 days of being served with the statement of objections. This brief may refer to previously filed briefs. The objecting party may not file a reply brief without the court's leave.

NECrimR. 59.2(a).

### III. DISCUSSION

*1. Defendant Has Not Lodged a Proper Objection Thereby Waiving Review*

Defendant's perfunctory Statement of Objections and failure to sufficiently articulate a legal basis for his objections leads the Court to conclude that he has not complied with its local rules. Although Defendant objects to Judge Nelson's finding that he "did not make an unambiguous, unequivocal request for counsel to assist in his interrogation" the only basis for this objection that he offers is the following sentence: "The Defendant contends that he did make such a request, and therefore, the interrogation should have ended." Filing 73. Defendant does not point the Court to any exhibit, transcript excerpt, or anything in the record that would support his claim. Nor does he cite to any legal authority whatsoever. His failure to direct this Court to anything other

4

than his own *ipse dixit* does not adequately set forth the legal basis for his objection as required by NECrimR. 59.2(a).

The Court also takes note of Defendant's statement, "A brief in support of this appeal [sic] will be filed once defense counsel has had the opportunity to review the record and transcript of proceedings." Filing 73 at 1. This is not a request for an extension; it is a statement that Defendant intends to file a brief at some indeterminate point in time when he gets around to it. This is not allowed by applicable rules. Even if the Court were to construe this as a request for an extension, it is entirely without merit given that the transcript of the hearing (which is only 17 pages in length) was filed on October 17, 2023—nearly a month before Judge Nelson even filed his Findings and Recommendation. *See* Filing 67; Filing 72. The Defendant was also specifically admonished by Judge Nelson that "[t]he brief in support of any objection shall be filed at the time of filing such objection" and the "[f]ailure to file a brief in support of any objection may be deemed abandonment of the objection." Filing 72 at 6. Further, this is the second time the Court has found Defendant to have failed to comply with this Court's local rules in raising objections to the findings and recommendation of a magistrate judge. *See generally* Filing 69.[2]

The Court concludes that Defendant's one sentence explanation without any record citation or reference to legal authority makes his objection woefully deficient and noncompliant with this Court's local rules. He has therefore abandoned this issue and waived review. *See* NECrim R. 59.2(a); *cf. United States v. Merrett*, 9 F.4th 713, 716 (8th Cir. 2021) (noting that the defendant "did not object to the magistrate judge's order denying his motion, and his failure to object waives

---

[2] In a prior Order dated October 27, 2023, this Court noted that because this same Defendant "fundamentally fail[ed] to comply with what is required and because he did not seek an extension of time to file a proper Statement of Objections at any point within 14 days after Judge Nelson issued his Order on the matter, the Court deems Defendant to have abandoned his objections." Filing 69 at 3.

his right to review under Federal Rule of Criminal Procedure 59(a)"), *cert. denied*, 142 S. Ct. 815 (2022).[3]

2. *Defendant's Objection Also Fails on the Merits Under De Novo Review*

Despite Defendant's abandonment and waiver of the issue given his failure to make his objection in accordance with governing rules (which serves as an altogether independent basis to deny his objection) the Court has still reviewed the matter *de novo* and concludes that even if his objection had been properly made, it fails on the merits anyway. In reaching this determination, the Court has reviewed the relevant portions of the record bearing on this matter, including Defendant's Motion to Suppress (Filing 55), the brief he offered in support of this Motion (Filing 56), the Government's Response to this Motion (Filing 57), the audio exhibit offered by the Government at the evidentiary hearing (*see* Filing 62), the transcript of the evidentiary hearing (Filing 67), Judge Nelson's Findings and Recommendation (Filing 72), Defendant's Objection to the Findings and Recommendation (Filing 73), and the Government's Response to this Objection (Filing 74).

After considering the foregoing, the Court concludes on *de novo* review that Judge Nelson correctly determined "Defendant did not make an unambiguous, unequivocal request for counsel to assist in his interrogation." Filing 72 at 5. As Judge Nelson rightly points out, Defendant did make a couple of generalized references to a "lawyer" during his interview. *See* Filing 72 at 5–6.

---

[3] The Court recognizes that in *Merrett*, the Eighth Circuit was discussing the waiver provision that applied under Rule 59(a), rather than Rule 59(b). *See Merrett*, 9 F.4th at 716. Rule 59(a) governs non-dispositive motions whereas Rule 59(b) governs dispositive motions. *Compare* Fed. R. Crim. P. 59(a) *with* Fed. R. Crim. P. 59(b). However, both subparagraphs include the same exact waiver provision. Rule 59(a) states, "Failure to object in accordance with this rule waives a party's right to review." Fed. R. Crim. P. 59(a). Rule 59(b)(2) likewise states, "Failure to object in accordance with this rule waives a party's right to review." Fed. R. Crim. P. 59(b)(2). *See United States v. Edwards*, 34 F.4th 570, 585 (7th Cir. 2022) (noting that under Rule 59(b)(2), "Failure to object 'waives a party's right to review.'") (citation omitted); *United States v. Goebel*, 959 F.3d 1259, 1265 (10th Cir. 2020) ("Rule 59(b)(2) of the Federal Rules of Criminal Procedure provides that the failure to object to a magistrate judge's report and recommendation 'waives a party's right to review.'") (citation omitted).

However, after listening to the audio of the interview, the Court agrees that none of Defendant's references to a "lawyer" were accompanied with any suggestion—much less a "clear and unambiguous" one—indicating that Defendant was requesting counsel. *See United States v. Mohr*, 772 F.3d 1143, 1145–46 (8th Cir. 2014) ("Officers are only required to cease questioning if a suspect's request for an attorney is clear and unambiguous, and the Supreme Court has declined to adopt a rule requiring officers to clarify ambiguous requests for counsel"). In *United States v. Havlik*, for example, the defendant argued that he made a clear and unequivocal request for counsel when he said, "I don't have a lawyer. I guess I need to get one, don't I?" 710 F.3d 818, 821 (8th Cir. 2013). The Eighth Circuit disagreed, reasoning that this question was "insufficient to trigger an obligation to cease questioning." *Id.* The defendant in *Havlik* also argued that he made a clear and unambiguous invocation of his right to counsel when he said, "I guess you better get me a lawyer then[,]" but the Eighth Circuit rejected this argument as well because "[t]he phrase, 'I guess' is 'used to indicate that although one thinks or supposes something, it is without any great conviction or strength of feeling.'" *Id.* (citation omitted).

Defendant's Statement of Objections does not point the Court to any particular language during the police interrogation that he contends amounts to a clear and unequivocal invocation of his right to counsel. However, the Court notes that when Defendant was asked if he would consent to providing a DNA sample, Defendant replied, "maybe once I speak with my lawyer." *See* Filing 62 (Exhibit 1). That is not a clear and unambiguous request for counsel—particularly given his use of the prefatory phrase, "maybe." *See Havlik*, 710 F.3d at 821. Nor did Defendant make a clear and unambiguous invocation when he said, "I really shouldn't even be talking to you guys without my lawyer." *See* Filing 62 (Exhibit 1). This comment is even more equivocal than what the defendant in *Havlik* said when he told law enforcement, "I guess you better get me a lawyer then."

7

*Havlik*, 710 F.3d at 821. If that comment in *Havlik* did not satisfy the clear and unambiguous requirement, then Defendant's comment surely does not. Finally, the Court does not find that Defendant clearly and unambiguously requested counsel when he was asked to provide access to his security system and responded, "Anything you get out of me is gonna be with a lawyer." *See* Filing 62 (Exhibit 1). This is not a request for the assistance of a lawyer during the custodial interrogation; if anything it was a statement reflecting Defendant's intention to comply with a future consent search. The "*Miranda-Edwards*" Fifth Amendment right to counsel "relates only to custodial interrogation." *McNeil v. Wisconsin*, 501 U.S. 171, 178 (1991). Accordingly, Defendant's objection—even if it had not been waived—fails on the merits as well.

## IV. CONCLUSION

Defendant's failure to lodge a proper objection that complies with the requirements of this Court's local rules means that he has waived review and abandoned the issue. *See* NECrimR 59.2(a). This is an independent and sufficient basis upon which to overrule his objections and deny his Motion to Suppress. However, even when the Court considers his objections on *de novo* review, they fail on the merits anyway. Accordingly,

1. Defendant's "Statement of Objections to Magistrate Judge's Findings and Recommendations," Filing 73, is overruled;
2. Judge Nelson's Findings and Recommendation, Filing 72, is adopted; and
3. Defendant's Motion to Suppress, Filing 55, is denied.

Dated this 5th day of December, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

8