IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>DENNIS EUGENE SMITH,<br><br>      Defendant. | 8:22-CR-117<br><br>AMENDED ORDER[1] |

  Defendant Dennis Eugene Smith has filed an unopposed Motion to Continue Trial. Filing 82. Trial is currently scheduled to begin on April 30, 2024. Filing 79 at 1. Smith requests that trial be continued for 90 days. Filing 82 at 1. If his Motion were granted in full, trial in this case would commence the week of July 29, 2024. After considering the matters Smith raises in his Motion, the Court is not inclined to grant the full 90-day continuance that he seeks. *See United States v. Nguyen*, 526 F.3d 1129, 1134 (8th Cir. 2008) (noting "[c]ontinuances are disfavored and should only be granted if the moving party has shown a compelling reason" and further recognizing that "District courts have broad discretion to decide a request for a continuance").

  The Indictment in this case was returned by the Grand Jury nearly two years ago on May 17, 2022. Filing 1 at 1. Smith has requested and received many continuances since that time. By the Court's count, Smith received a total of over 270 days of continuance just for the purposes of filing pretrial motions. *See* Filing 23; Filing 24; Filing 25; Filing 28; Filing 33; Filing 34; Filing 35; Filing 36. Smith also unsuccessfully attempted to extend "all deadlines" for a period of 90 days, but that Motion was denied by the United States Magistrate Judge because he found good cause for a further extension was lacking. *See* Filing 44; Filing 53. This Court also previously

---

[1] This Amended Order supersedes the Court's prior Order dated March 22, 2024. (Filing 84).

1

entered a trial order stating that trial would commence on January 30, 2024. Filing 77 at 1. Smith moved to continue that trial date for a period of 90 days. Filing 78 at 1. The Court granted that motion for a continuance and set the trial date for April 30, 2024. Filing 79 at 1.

Smith's present Motion to Continue notes that he agrees to the requested continuance and has previously waived his speedy trial rights. Filing 82 at 1. The Court does not find that Smith has articulated a sufficiently compelling reason justifying his request for 90 days, but does find that the failure to grant a continuance of some duration would deny Smith's counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(A) and (B)(iv). Therefore, while Smith requested 90 days, the Court finds that a continuance of 51 days will serve the ends of justice and that a continuance of this length outweighs the interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The time between today's date and June 20, 2024, shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act.

The Court admonishes that it is not inclined to grant any further continuances of this trial absent truly compelling circumstances. Accordingly,

IT IS ORDERED:

1. Smith's Motion to Continue trial, Filing 82, is granted in part and denied in part. Trial in this case is scheduled to commence on Thursday, June 20, 2024 at 8:30 a.m.;

2. In accordance with 18 U.S.C. § 3161(h)(7)(A), the time between today's date and June 20, 2024, shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act; and

3. The Court's prior Order on this matter dated March 22, 2024, Filing 84, is superseded by this Amended Order.

Dated this 25th day of March, 2024.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge