IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS EUGENE SMITH,<br><br>Defendant. | **8:22–CR–117**<br><br>**ORDER ON RESTITUTION** |

## I.  INTRODUCTION

This matter is before the Court on the Government's restitution requests following an evidentiary hearing held on February 26, 2025. The defendant was sentenced on September 18, 2024, to a term of 420 months' imprisonment to be followed by a life term of supervised release after being convicted of sex trafficking of a minor who is less than 14 years of age. Filing 123 (Judgment). At the request of the Government at the sentencing hearing, the Court under its statutory authority at 18 U.S.C § 3664(d)(5) ordered that a separate hearing be set "for a final determination of the victim's losses."[1] The Government explained that it needed additional time to receive restitution request information from the victims' families, and because the five victims are minors, the Court determined that this constituted good cause to hold this separate hearing. On behalf of the minor victims, the Government requested three categories of restitution: already

---

[1] The restitution hearing was originally scheduled for December 16, 2024, within 90 days of the September 18, 2024 sentencing in this matter. The restitution hearing was set at that time because the Court preferred additional documentation to support restitution than was available at sentencing. The defendant filed an unopposed Motion to Continue on December 13, 2024 after the parties were still seeking more documentation at that time. Filing 133. The pertinent statute provides that the "date for the final determination of the victim's losses" shall "not [ ] exceed 90 days after sentencing." 18 U.S.C § 3664(d)(5). Notwithstanding this statutory language, under Supreme Court and Eighth Circuit precedent, courts can hold restitution hearings later than 90 days after sentencing. *Dolan v. United States*, 560 U.S. 605 (2010); *United States v. Clausen*, 949 F.3d 1076 (8th Cir. 2020). "[A] district court retains the power to order restitution if it advises the defendant at sentencing that restitution will be ordered and keeps the issue open under § 3664(d)(5) until the amount owed can be determined." *Clausen*, 949 F.3d at 1079. Because the Court advised the defendant accordingly and kept the issue open, the Court was permitted to hold the evidentiary hearing beyond the 90 day period in the statute. Accordingly, the Court granted the defendant's Motion to Continue the restitution hearing.

incurred therapy costs; future expected therapy costs; and "additional restitution requests." Filing 128. The Court will address these categories as they pertain to each victim.

## II. LEGAL ANALYSIS

### A. Applicable Standards

In cases involving sex trafficking of a minor, "[t]he government must prove the amount of restitution by a preponderance of the evidence." *United States v. Unpradit*, 35 F.4th 615, 629 (8th Cir. 2022). Because the defendant was convicted under 18 U.S.C § 1591, the relevant mandatory restitution statute for the defendant's offense is 18 U.S.C § 1593. This statute states that the Court "shall direct the defendant to pay the victim the full amount of the victim's losses," and refers to 18 U.S.C § 2259(c)(2) for the definition of the term "full amount of the victim's losses." This statute requires defendants to pay restitution for "any costs incurred, or that are reasonably projected to be incurred in the future, by the victim, as a proximate result of the offenses involving the victim." These losses include:

(A) medical services relating to physical, psychiatric, or psychological care;

(B) physical and occupational therapy or rehabilitation;

(C) necessary transportation, temporary housing, and child care expenses;

(D) lost income;

(E) reasonable attorneys' fees, as well as other costs incurred; and

(F) any other relevant losses incurred by the victim.

18 U.S.C § 2259(c)(2). The Eighth Circuit has explained that this is "a non-exhaustive list of the types of damages that may be awarded to reimburse a victim's losses" and that "restitution is proper to the extent that the offense 'proximately caused a victim's losses.'" *United States v. Kempter*, 29 F.4th 960, 970 (8th Cir. 2022). In addition, "[w]hen multiple causes contribute to a

victim's losses, the district court must use its discretion and sound judgment to determine the amount of restitution." *Id.*

## B. Already Incurred Therapy Costs

The Government requests restitution in the amounts of $7,309.77 and $7,270.60 for therapy costs already incurred by Minor Victims 4 and 5, respectively. Minor Victims 1, 2, and 3 have not requested any restitution in this category.[2] The Government submitted receipts reflecting these victims' therapy attendance after suffering sexual abuse by the defendant. Filing 130-4; Filing 130-5. Defense counsel argued at the evidentiary hearing that these incurred therapy costs—as well as future expected therapy costs costs—may have been incurred due to the victims' other psychological issues unrelated to the defendant's sexual abuse. The Court disagrees based on "the commonsense principle that childhood sexual abuse results in untold psychological harm to its victims." *United States v. Palmer*, 643 F.3d 1060, 1068 (8th Cir. 2011); *see also Kennedy v. Louisiana*, 554 U.S. 407, 435 (2008) ("Rape has a permanent psychological, emotional, and sometimes physical impact on the child. We cannot dismiss the years of long anguish that must be endured by the victim of child rape." (internal citation omitted)). Thus, after hearing from the parties, the Court determined that the defendant's sex crimes were the proximate and but-for causes of these minor victims' need for therapy. Accordingly, the Court concluded that these already incurred "medical services relating to physical, psychiatric, or psychological care" were wholly attributable to the defendant. 18 U.S.C § 2259(c)(2). Restitution amounts for Minor Victims 4 and 5 in the amounts of $7,309.77, and $7,270.60 respectively are appropriate and awarded.

---

[2] The Government provided evidence that Minor Victim 2 received medical treatment following a suicide attempt, Filing 130-2, but could not obtain any evidence of expenses incurred for this treatment. Thus, the Government did not request already incurred therapy costs for Minor Victim 2.

### C.  Future Expected Therapy Costs

The Government requests restitution in the amount of $287,500 for each of the five minor victims to account for future expected therapy costs. Filing 128. This figure correlates to therapy every two weeks during the defendant's 35-year sentence, then every month for the following 20 years, for a total of 1,150 therapy visits at $250 per session. Corroborating this request is an affidavit from Alexis Dickerson, a licensed independent mental health practitioner. Filing 140. Ms. Dickerson has personally provided mental health services to Minor Victims 4 and 5, and she attests that Minor Victims 1 and 2 will soon begin treatment at her mental health clinic. Ms. Dickerson makes no mention of Minor Victim 3.

The defendant does not dispute that the Government properly estimated the cost of therapy to be $250 per session. The defendant's main arguments against this category of restitution requests concern the estimated frequency with which the minor victims will attend therapy and, again, the degree of causation between the defendant's crimes and these costs. Defense counsel asserted multiple arguments against the government's estimate of therapy frequency. Defense counsel noted that Minor Victim 5's therapy frequency has already decreased, as she used to attend biweekly sessions but now only attends monthly. Defense counsel further noted that there is no indication that Minor Victim 3 ever has or will attend therapy. In reply, the Government argued that, due to the defendant's extreme sexual abuse and the victims' minority, the victims will likely suffer psychological issues for the rest of their lives, although therapy attendance may fluctuate. The Government also argued that the victims' therapy frequency may increase in adulthood, when they have more agency over their schedules.

Again, the Court has no doubt that the defendant's sexual abuse was the proximate and but-for cause of the minor victims' future therapy costs, and the defendant should be liable for the full amount of these costs. *See Palmer*, 643 F.3d at 1068; *Kennedy*, 554 U.S. at 435. However, the

Court takes issue with the Government's suggestion that each victim will each incur $287,500 as a result of 1,150 therapy visits. There is no way to precisely determine the amount of medical expenses the victims will incur in the future due to the defendant's conduct. But the statute does not demand precision and instead requires only that the costs are "reasonably projected to be incurred in the future." The Government acknowledges that as the victims "make progress [while] therapy continues[,] the frequency of therapy sessions may decrease." Filing 128 at 7. As such, the Court indicated at the evidentiary hearing that a lesser amount of restitution to reflect a fewer number of therapy visits—namely, therapy every other week for the next five years, then monthly for the following 20 years—would likely be appropriate. Under this scenario, which in the Court's view is a "reasonabl[e] project[ion]" of therapy costs "to be incurred in the future," each victim would attend 370 sessions at $250 per session, for a total of $92,500 per victim. The Court is unpersuaded by the defendant's contention that present variations in therapy attendance warrant lesser amounts of future costs for certain victims. In light of the extreme sexual abuse suffered by the minor victims in this case, the evidence demonstrates that all victims will likely need substantial mental health treatment in the years to come. A total of $92,500 per victim for future expected therapy costs reasonably reflects the victims' situations.

### D.  Other Restitution Requests

In a category titled "additional restitution requests," the Government indicated that it received various restitution requests for matters including moving and rental expenses incurred by family members of the victims; money spent by a victim's family member "to obtain records for this restitution hearing"; and family members' lost wages. Filing 130; Filing 130-1; Filing 130-2; Filing 130-3; Filing 130-4; Filing 130-5. The Government acknowledges that it "has a duty to provide these requests to the Court and respectfully requests the Court consider them, though there

may be no basis for the Court to order restitution for some of these costs." Filing 128 at 7–8. The Government does not indicate that there are bases to award any of these restitution requests.

The Court determined at the evidentiary hearing that most of these requests were not proximately caused by the defendant's crimes and therefore could not be awarded. There are myriad reasons a person might stop working or move homes. However, the Court stated it would grant one request—which the defendant did not oppose—for $10.63 because "Minor Female 2's legal guardian spent $10.63 to obtain records for [the evidentiary] hearing." The Court determined that this individual's participation in these proceedings were "a proximate result of the offenses involving the victim" and that this sum is therefore recoverable.

### III. CONCLUSION

For the reasons stated above, the Court will order restitution to the five minor victims in this case. Minor Victims 1 and 3 are entitled to restitution for future expected therapy costs. Minor Victim 2 is entitled to restitution for future expected therapy costs and for the incurred cost of obtaining medical records. Minor Victims 4 and 5 are entitled to restitution for already incurred therapy costs and for future expected therapy costs. Accordingly,

IT IS ORDERED

1. The defendant is liable in restitution to the minor victims in the following amounts:

    a. Minor Victim 1: $92,500;

    b. Minor Victim 2: $92,510.63;

    c. Minor Victim 3: $92,500;

    d. Minor Victim 4: $99,809.77;

    e. Minor Victim 5: $99,770.60; and

2. Pursuant to 18 U.S.C. § 3612(f), the defendant shall pay interest on his restitution obligations.

Dated this 27th day of February, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge