IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br><br>vs.<br><br><br>DENNIS EUGENE SMITH,<br><br>        Defendant. | **8:22-CR-117**<br><br><br><br>**MEMORANDUM AND ORDER ON MOTION TO VACATE UNDER 28 U.S.C. § 2255** |

Petitioner Dennis Eugene Smith filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 145. The petitioner also filed a "memorandum brief" and an affidavit in support of his motion, although those documents appear to be identical. Filing 146 (Memorandum Brief in Support of Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. 2255); Filing 147 (Affidavit of Dennis Eugene Smith). Smith's § 2255 motion is timely. *See* 28 U.S.C. § 2255(f) (establishing a "1-year period of limitation" that runs from "the date on which the judgment of conviction becomes final"); *Lee v. United States*, 149 F.4th 981, 986 (8th Cir. 2025) (holding that in deferred-restitution cases, a "judgment of conviction only [becomes] final for purposes of § 2255's statute of limitations once [a petitioner's] judgment [is] amended to add restitution"). Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court conducts an initial review of Smith's § 2255 motion.

The standard form motion that Smith has filed includes four spaces for the petitioner to write out his alleged grounds for relief and the "specific facts that support [each] claim." *See generally* Filing 145. In all four spaces, Smith has written "Ineffective Assistance of Counsel" with no further

1

explanation or factual support. Filing 145 at 4–8 (reduced from capitals). Where the standard form prompts the petitioner to list the supporting facts for each ground, Smith has simply written "see attached memorandum." Filing 145 at 4–8 (reduced from capitals). This is problematic under Rule 2 of the Rules Governing Section 2255 Proceedings, which sets out the requirements for a § 2255 motion, including the requirements that the motion must "specify all grounds for relief available to the moving party[ ]" and "state the facts supporting each ground[.]" Rule 2(b)(1)–(2) of the Rules Governing Section 2255 Proceedings. As filed, Smith's § 2255 motion is devoid of any facts to support or even differentiate the four identical ineffective assistance claims, meaning on the face of the motion, those four claims are "merely [ ] conclusory allegation[s], unsupported by specifics." *Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982) (per curiam). But Smith has also filed a "memorandum brief" in support of his motion, Filing 146, and that brief contains significantly more factual allegations than Smith's motion itself. Keeping in mind Smith's *pro se* status, the Court will "liberally construe[ ]" the brief as part of the § 2255 motion. *United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014).

Unlike Smith's § 2255 motion, which ostensibly identifies four grounds for habeas relief, his brief presents dozens of individually titled paragraphs, all of which appear to be allegations of ineffective assistance of counsel. Filing 146 at 1–7. For example, paragraph D is titled "Counsel's Continuation Ineffectiveness" and alleges that Smith's "[c]ounsel had to file for a continuance because the government wanted it to be documented as if we were wanting the continuance even though it was the government who wanted the continuance." Filing 146 at 2. Similarly, paragraph A-I is titled "Other Ineffective Assistance at Sentencing" and explains that Smith's counsel "didn't really have alot [sic] a lotay [sic] at sentencing and only apologized the whole time to the judge about my letter to him" and "failed to aid or speak on my behalf at sentencing." Filing 146 at 6.

Smith's brief contains 40 such paragraphs in total: paragraphs A through Z and paragraphs A-A through A-N. *See generally* Filing 146.

The Court will order the Government to respond to Smith's allegations of ineffective assistance of counsel by filing a written response on or before April 15, 2026. Although the Government's response should address all of Smith's allegations, the Court is particularly concerned with Smith's claims that his counsel "failed to file an appeal after multiple hearing ( severe counts, motion to suppress evidence )," "did not file a direct appeal as he stated he would," and was plagued by a conflict of interest. Filing 146 at 1, 4, and 6. Smith may, but is not required to, file a reply within 14 days from the date of the Government's response. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings. The Court defers determining whether it is necessary to hold an evidentiary hearing on Smith's claims until it has reviewed the Government's response and until the time for Smith to file a reply has expired. Accordingly,

IT IS ORDERED:

1. The Government shall respond to the allegations set forth in Smith's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 145, and in his supporting brief, Filing 146, on or before April 15, 2026;

2. Smith may file a reply brief no later than 14 days from the date of the Government's response.

Dated this 16th day of March, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge

3